IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH H. RICHARDSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0208-M |
| | § | |
| COLGATE-PALMOLIVE CO. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Colgate-Palmolive Co. has filed a motion to dismiss this *pro se* civil action brought by Plaintiff Kenneth H. Richardson alleging fraud and gross negligence in connection with the marketing of fluoride toothpaste. For the reasons stated herein, the motion should be granted.

I.

Plaintiff generally accuses defendant of falsely representing to consumers that fluoride, a chemical ingredient added to toothpaste products, is "good for your teeth." According to plaintiff, fluoride is a toxin known to cause a variety of health problems. Illustrative of plaintiff's diatribe against fluoride and its commercial uses is the following excerpt from his complaint:

> During WWII, German Scientists discovered that prisoners of war became more docile and obedient when given just trace amounts of Sodium Fluoride was put into their drinking water, this poison selectively lulls the portion of the brain that does the independent thinking and tends to resist injustice. Soon the Russians were also treating the drinking water of their prisoners of war with Fluoride, and as planned, the results are similar. Dr. Hardy Limeback, head of the Department of Preventative Dentistry for the University of Toronto and Canada's leading Fluoride research authority, has more

> than apologized for erroneously promoting Fluoride. Tragically we are not just dumping toxic Fluoride into our drinking water, we are also exposing unsuspecting people to very deadly elements; lead, arsenic and radium, all of them carcinogenic. Because of the cumulative properties of toxins, the detrimental effects on the human health are catastrophic.

(*See* Plf. Compl. at 2). While acknowledging that he "cannot pinpoint what using fluoride has done to him," plaintiff states that his hair and teeth have fallen out since using toothpaste instead of baking soda for oral hygiene. (*Id.*; *see also* Mag. J. Quest. #1(e)). Plaintiff blames this development, and the hair loss experienced by his daughter, on their use of fluoride toothpaste. By this suit, plaintiff seeks $10 million in damages.

Defendant now moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff has filed a written response to the motion and this matter is ripe for determination.

II.

A district court may dismiss a complaint for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In order to survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See id.*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the

allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom., Xavier University of Louisiana v. Travelers Casualty Property Co. of America*, 128 S.Ct. 1230 (2008).

Cases involving fraud are subject to more stringent pleading requirements. In such cases, "a party must state with particularity the circumstances constituting the fraud[.]" FED. R. CIV. P. 9(b). At a minimum, this requires the plaintiff to identify the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 118 S.Ct. 412 (1997), *quoting Tuchman v. DSC Communications, Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994), *reh'g denied*, 20 F.3d 1172 (5th Cir. 1994). Although fraud pleadings may be based on information and belief if certain facts are peculiarly within the knowledge of the opposing party, "this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Tuchman*, 14 F.3d at 1068, *quoting Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) (internal quotations omitted).

A.

Under Texas law, the elements of fraud are: (1) a material misrepresentation; (2) that was false when made; (3) the defendant either knew the representation was false or asserted it without knowledge of its truth; (4) the defendant intended that the representation be acted upon; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff was injured as a result. *See Malacara v. Garber*, 353 F.3d 393, 404-05 (5th Cir. 2003), *citing Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).

Assuming that plaintiff has satisfied the Rule 9(b) pleading requirements with respect to the "who, what, when, and where" of his fraud claim, he cannot connect his injury to the

misrepresentations allegedly made by defendant. In his complaint, plaintiff acknowledges that he "cannot pinpoint what using fluoride has done to him." (*See* Plf. Compl. at 2). His response to defendant's motion includes a similar concession. (*See* Plf. Resp. at 3) ("Plaintiff became very distressed--his daughter's hair all fell out--and no doctor could find out why."). Plaintiff's belief that his hair and tooth loss were caused by the toxic effects of fluoride toothpaste does not rise above the speculative level. *See Richardson v. Proctor and Gamble*, No. 3-07-CV-2038-K, 2008 WL 681480 at *2-3 (N.D. Tex. Mar. 11, 2008) (dismissing identical fraud claim made by plaintiff against another toothpaste manufacturer).

B.

Nor has plaintiff stated a claim for negligence or gross negligence under Texas law. In order to state a claim for negligence, plaintiff must allege facts to show that the defendant breached a legal duty owed to him and that such breach was a proximate cause of his damages. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Like his fraud claim, plaintiff has not alleged any facts to show that his damages were caused by any act or omission of the defendant. *See Richardson*, 2008 WL 681480 at *3 (dismissing identical claims for negligence and gross negligence).

### RECOMMENDATION

Defendant's motion to dismiss [Doc. #12] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 3, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE